SO ORDERED.

Dated: August 15, 2019

Daniel P. Collins, Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In Re:

MARIO ORTIZ
CORAL ORTIZ

Debtor

Case No. 19-01533-DPC

STIPULATED ORDER CONFIRMING ORGINAL CHAPTER 13 PLAN

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved.

**IT IS ORDERED** confirming the Original Plan ("Plan") of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| <u>Months</u> | <u>Amount</u> |
|---|---|
| 1-11 | $1702 |
| 12-41 | $1864 |
| 42-60 | $2175 |

The payments are due on or before the 15TH day of each month commencing <u>March 15, 2019</u>. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide to the Trustee copies of their **federal** and **state** income tax return for post-petition years <u>2019- 2023</u> within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) Other Property. The Debtors shall provide, directly to the Trustee their net federal and state income tax returns for the years 2019 through 2023, as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION.** This Plan shall continue for <u>60</u> months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by §502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.S.§ 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses: Attorney Fees. Thomas McAvity, shall be allowed total compensation of $4400. Counsel received $100 prior to filing this case and will be paid $4300 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property: NONE

(3) Claims Secured by Personal Property:

    (a) Toyota Financial, secured by a lien in a 2018 Toyota Highlander, shall be paid a secured claim of $55333.56 with 7% interest. The creditor will receive adequate protection payments of $800 per month.

    (b) One AZ Federal Credit Union, secured by a lien in a 2013 Jeep Wrangler, shall be paid a secured claim of $10,772.57 with 4% interest. The creditor will receive adequate protection payments of $200 per month.

*In Re: Ortiz*
2-19-BK-01533

Case 2:19-bk-01533-DPC   Doc 33   Filed 08/15/19   Entered 08/15/19 09:37:56   Desc
Main Document    Page 2 of 4

(c) Wells Fargo/American Furniture Warehouse, secured by a lien in furniture, shall be paid a secured claim of $2602.66 with 5% interest. The creditor will receive adequate protection payments of $50 per month.

(d) Quantum 3 Group/Jared The Galleria Of Jewelry(claim #12), secured by a lien in jewelry, shall be paid a secured claim of $1,237.65 with 0% interest. The creditor will receive adequate protection payments of $150 per month.

(4) Unsecured Priority Claims: IRS priority claim in the amount of $4757.69 shall be paid in full, pro rata.

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property: The Debtor surrenders the following property:

(a.) None

(6) Other Provisions: The SYNCB/Discount Tires claim was depicted as a secured claim under Debtors' plan in the amount of $600 and allotted a monthly plan payment of $10 under the terms of the Plan. Because creditor has since filed a proof of claim(16-1) depicting the debt as an unsecured nonpriority claim, the claim will be paid pursuant to the proof of claim per the terms of Section (C ) (7) of this stipulated order.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors [remains property of the bankruptcy estate] upon confirmation ,subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

*In Re: Ortiz*
2-19-BK-01533

Case 2:19-bk-01533-DPC   Doc 33   Filed 08/15/19   Entered 08/15/19 09:37:56   Desc
Main Document    Page 3 of 4

| | |
|---|---|
| 1 | |
| 2 | _____ |
| 3 | Edward J. Maney, Trustee |
| 4 | |
| 5 | _____ |
| 6 | Tom McAvity<br>Attorney for Debtors |
| 7 | |

8  The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of
9  the Petition.

10
11  _____
    Mario Ortiz
    Debtor

12
13  _____
14  Coral Ortiz
    Debtor

*In Re: Ortiz*
2-19-BK-01533